**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KELTEC-TECHNOLAB, INC., | ) | CASE NO. 5:05 CV 792 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| AIR SUPPLY CO., et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court upon Defendants' Motion for Judgment as a Matter of Law, for New Trial or Remittitur of the Jury Verdict. (ECF # 107).  For the reasons that follow, Defendants' Motion is denied.

Plaintiff brought this action against Defendants alleging fraud, misappropriation of trade secrets, tortious interference with business relations, unfair competition and conversion.  Defendants' motion pursuant to Fed. R. Civ. P. 50(a), made at the close of Plaintiff's case, was granted as to Plaintiff's claims of misappropriation of trade secrets, tortious interference with business relations, unfair competition and conversion.  The motion was denied as to Plaintiff's fraud claim.[1]  The next day the jury got the case and returned a verdict for Plaintiff on its fraud claim and awarded $190,413 in compensatory damages and no punitive damages.

---

[1] While Defendants' made the motion at the close of Plaintiff's case, it was argued at the end of the day after Defendants had called seven of their own witnesses.  While Defendants did not renew the motion at the conclusion of all evidence as required by Fed. R. Civ. P. 50(b), most of the evidence had been taken at the time of the Court's ruling on Defendants' motion for a directed verdict.  In the circumstances at issue here, this slight deviation from the rule may be overlooked as the evidence following the Defendants' unrenewed motion for a directed verdict was brief.  Accordingly, the Court will not deny Defendants' Motion on procedural grounds.

DISCUSSION

Fed.R.Civ.P. 50(b) provides that if a court does not grant a motion for judgment as a matter of law made after the close of all the evidence and the party renews its request after a verdict is returned, the court may (1) allow the judgment to stand, (2) order a new trial, or (3) direct entry of judgment as a matter of law.  The "standard for granting a renewed motion for judgment as a matter of law under Rule 50(b) is precisely the same as the standard for granting the pre-submission motion." Wright & Miller, *Federal Practice and Procedure*: Civil 2d § 2537, p. 347 (footnote omitted).

A federal court sitting in diversity must apply the forum state's standard of review when a Rule 50 challenge is made to the sufficiency of the evidence supporting the jury's findings. *Aetna Casualty and Surety Company v. Leahey Construction Company of America, Inc.,* 219 F.3d 519, 532 (6 Cir.2000)( *citing Palmer v. Fox Software, Inc.,* 107 F.3d 415, 418 (6th Cir.1997)). Under Ohio law,

> [t]he test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict (now known as a motion for judgment as a matter of law in the federal courts) is the same test to be applied on a motion for a directed verdict. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions.

*Aetna Cas. And Sur. Co., v. Leahey Construction Co.,* 219 F.3d 519, 532 (6th Cir. 2000)quoting *Posin v. A.B.C. Motor Court Hotel, Inc.,* 45 Ohio St.2d 271, 344 N.E.2d 334, 338 (1976).

As the Court found upon Defendants' first Motion for Judgment as a matter of law, there was sufficient evidence introduced at trial, that if believed by the jury, would support a verdict in favor of Plaintiff on its fraud claim.  The jury apparently believed the evidence and returned a verdict for Plaintiff on the fraud claim.  The Court will not second guess the jury's determination other than to confirm that there was sufficient evidence in the record to support the verdict.  Accordingly, Defendants' Motion for Judgment as a Matter of Law is denied.

Moving on to Defendants' Motion for a New Trial or for Remittitur of the Jury Verdict, Defendants assert that the reasons set forth to support judgment as a matter of law also support their request for a new trial or remittitur.  That is, the evidence in the record is insufficient to support the verdict and/or the award of damages.

In contrast to judgment as a matter of law, "[t]he authority to grant a new trial is confided almost entirely to the exercise of discretion on the part of the trial court."  *Williamson v. Owens-Illinois, Inc.*, 787 F.2d 594, 1986 WL 16533 at *3 (6th Cir. 1986) (*quoting* 11 Wright & Miller, *Federal Practice and Procedure*, § 2806 (1973)). When reviewing a motion for a new trial, a court "should indulge all presumptions in favor of the validity of the jury's verdict." *Brooks v. Toyotomi Co.*, 86 F.3d 582, 588 (6th Cir. 1996)(*citing Ragnar Benson, Inc. v. Kassab*, 325 F.2d 591, 594 (3rd Cir. 1963)). A jury verdict must be upheld so long as there is any competent and substantial evidence in the record to support it, even if contradictory evidence was presented.  *Green v. Francis*, 705 F.2d 846, 849 (6th Cir. 1983).

Nevertheless, on a motion for new trial, as contrasted with a motion for judgment as a matter of law, the judge may set aside the verdict even though there exists substantial evidence to support it.  *McDonald v. Petree*, 409 F.3d 724 (6th Cir. 2005).  However, the district court

"should refrain from interfering with a jury's verdict unless it is clear that the jury reached a seriously erroneous result." *Brooks*, 86 F.3d at 588. Theسixth Circuit has explained that a "seriously erroneous result" would be evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion *i.e.*, the proceedings having been influenced by prejudice or bias. *Holmes v. City of Massillon*, 78 F.3d 1041 (6th Cir. 1996).

In this case, the jury's verdict was not "seriously erroneous." As noted above there was sufficient evidence in the record to support the verdict. Accordingly, Defendants' Motion for a New Trial is denied.

Alternatively, Defendants move for a remittitur because they assert that there is no valid basis in the record for the damages awarded. The Sixth Circuit has held that "a jury verdict will not be set aside or reduced as excessive unless it is beyond the maximum damages that the jury reasonably could find to be compensatory for a party's loss." *American Trim, LLC v. Oracle Corp.*, 383 F.3d 462, 475 (6th Cir. 2004)(quoting *Farber v. Massillon Bd. Of Educ.*, 917 F.2d 1391 (6th Cir. 1990). Thus, a trial court may remit a verdict "only when, after reviewing all the evidence in the light most favorable to the prevailing party, it is convinced that the verdict is clearly excessive; resulted from passion, bias, or prejudice; or is so excessive or inadequate as to shock the conscience of the court." *Id.* At trial the Plaintiff requested damages in the amount of $918, 544.00 and supported that request with the testimony of its expert witness. Defendants argued that Plaintiff was not entitled to any damages. After evaluating the evidence, the jury returned a verdict for plaintiff in the amount of $190,413.00. There is no evidence that the damage award was excessive. While the Defendants do not understand the methodology the

jury used to calculate the award, the award does not appear to be the result of passion, bias or prejudice and is within a range that would reasonably compensate Plaintiff for its loss. Accordingly, Defendants' motion for a remittitur is denied.

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Judgment as a Matter of Law, for New Trial or Remittitur of the Jury Verdict (ECF #107) is denied.

IT IS SO ORDERED.

                                           */s/Donald C. Nugent*
                                           DONALD C. NUGENT
                                           United States District Judge

DATED: November 29, 2006